**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW DAVID BRUINS, II, CDCR #K-70839,<br><br>         Plaintiff,<br><br>vs.<br><br>M. WHITMAN, Associate Warden;<br>A. ACEVEDO, Facility Captain,<br><br>         Defendants. | Case No.: 19cv1278<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO AMEND COMPLAINT;**<br><br>**2) DIRECTING CLERK OF COURT TO FILE THIRD AMENDED COMPLAINT;**<br><br>**3) DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**4) DISMISSING THIRD AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>**(ECF Nos. 10, 12)** |

**I. PROCEDURAL HISTORY**

On July 10, 2019, Andrew David Bruins ("Plaintiff"), a prisoner incarcerated at Calipatria State Prison ("CAL") located in Calipatria, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

1

On July 22, 2019, the Court conducted the required sua sponte screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (*See* ECF No. 4.) In the Court's July 22, 2019 Order, the Court granted Plaintiff's IFP status but simultaneously dismissed his Complaint for failing to state a claim upon which § 1983 relief could be granted. (*See id.* at 8–9.) The Court informed Plaintiff of the deficiencies in his pleading and granted him leave to file an amended complaint. (*See id.* at 8.) On August 29, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (*See* ECF No. 6.) However, the Court again found Plaintiff failed to state a claim and dismissed his FAC with leave to file another amended complaint. (See ECF No. 7 at 6–7.)

On November 25, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (*See* ECF No. 8.) However, before the Court could conduct the required sua sponte screening, Plaintiff filed a "Motion to Amend Complaint," along with a proposed amended complaint. (ECF Nos. 12, 12-1.) A review of the proposed amended complaint shows that it is virtually identical to Plaintiff's SAC. Thus, the Court **GRANTS** Plaintiff's Motion to Amend and **DIRECTS** the Clerk of Court to file his proposed amended complaint, *see* ECF No. 12-1, as Plaintiff's Third Amended Complaint ("TAC"). In addition, Plaintiff has filed a "Motion for Appointment of Counsel." (ECF No. 10.)

## II. MOTION TO APPOINT COUNSEL

In his Motion, Plaintiff requests the appointment of counsel because he is unable to afford counsel and his "imprisonment will greatly limit his ability to litigate." (ECF No. 10 at 1.)

However, there is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether

there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

As currently pleaded, Plaintiff's TAC demonstrates neither a likelihood of success nor the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. For the reasons discussed more fully below, Plaintiff's TAC requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and it has become clear that he is unlikely to succeed on the merits of any potential constitutional claim.

Therefore, the Court finds no "exceptional circumstances" currently exist and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 5).

## III. SCREENING OF TAC (28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b))

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Rule 8

Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2).

Once again, like both Plaintiff's original Complaint and his FAC, Plaintiff's TAC contains no factual allegations. Moreover, his TAC has no specific legal arguments and mainly consists of rambling sentences. Thus, the Court finds that Plaintiff's TAC fails to comply with Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

### C. Personal Causation

As noted above, Plaintiff's TAC is devoid of any specific factual allegations. To

4

19cv1278

state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011), citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has not stated a claim against Defendants because he has failed to allege facts regarding what actions were taken or not taken by Defendants. Therefore, the Court finds that Plaintiff has failed to state a claim against Defendants upon which relief may be granted.

## IV. CONCLUSION AND ORDER

For the reasons explained, the Court:

1. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 10);

2. **GRANTS** Plaintiff's Motion to Amend Complaint (ECF No. 12);

3. **DIRECTS** the Clerk of Court to file Plaintiff's proposed complaint (ECF No. 12-1) as Plaintiff's Third Amended Complaint;

4. **DISMISSES** Plaintiff's TAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and for failing to comply with FRCP 8;

5. **DENIES** leave to amend as futile, *see Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend);

6. **CERTIFIES** that an IFP appeal of this dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

7. **DIRECTS** the Clerk to enter a final judgment and close the file.

**IT IS SO ORDERED.**

**DATED: December 12, 2019**

Hon. Cynthia Bashant
United States District Judge